UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/28/99
BY [illegible]

MAR 29 1999

ADEKUNLE SAMUEL KESSINGTON
PETITIONER,
V.

CASE NO. CV 99-00284-NM(AJW)
ALIEN NO. A24905140

CV99-1134 A SEC P

RECEIVED
BUT NOT FILED
MAR 29 1999
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY DEPUTY

JUDGE LITTLE

MAGISTRATE JUDGE KIRK

BILL BELT, SHERIFF, AVOYELLES PARISH SHERIFF DEPARTMENT, JANET RENO, ATTORNEY GENERAL, THOMAS J. SCHILTGEN, DISTRICT-DIRECTOR, INS; LYNNE UNDERDOWN, DISTRICT DIRECTOR, INS,

RESPONDENTS.

## ANSWER TO RESPONDENTS RETURN TO PETITION FOR WRIT OF HABEAS CORPUS.

COMES NOW, PETITIONER ADEKUNLE SAMUEL KESSINGTON IN PROSE FORM TO DENY EACH ALLEGATIONS STATED IN THE RESPONDENTS RETURN TO PETITION FOR WRIT OF HABEAS CORPUS.

FOR THE REASONS SET BELOW THIS COURT HAS JURISDICTION TO GRANT THE WRIT OF HABEAS CORPUS AND SHOULD NOT DISMISS THIS PETITION OR TRANSFER IT TO WESTERN DISTRICT OF LOUISIANA AS CLAIMED BY THE RESPONDENTS.

I TO BEGIN WITH, PETITIONER LIKE TO REMIND THE COURT THAT HIS DEPORTATION PROCEEDINGS TOOK PLACE IN IMMIGRATION COURT AT LOS-ANGELES CALIFORNIA ON FEB 10 1997 (SEE - EXHIBIT - G. — NOTICE OF HEARING IN DEPORTATION PROCEEDINGS IMMIGRATION COURT OF LOS-ANGELES).

1 PETITIONER'S ACTION IS BROUGHT PURSUANT TO 28 U.S.C § 1331 AND AND 8 U.S.C § 1101 et seq. FOR DECLARATORY AND INJUNCTIVE RELIEF TO PROTECT THE PETITIONER'S RIGHT UNDER THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION OF THE FIFTH AMENDMENT AND BY FEDERAL LAW AND FOR A WRIT OF HABEAS CORPUS (28 U.S.C § 2241) TO OBTAIN A REVIEW OF CONDITIONS OF RELEASE OF PETITIONER ON BOND.

ENTERED ON ICMS 6/11/99

(9)

2 THE JURISDICTION ARISES UNDER THE CONSTITUTION AND THE IMMIGRATION AND NATIONALITY ACT OF 1952, AS AMENDED, 8 U.S.C § 1101 et seq SUBJECT MATTER JURISDICTION IS PROPER IN

IN THIS COURT PURSUANT TO 28 U.S.C § 1331 AND — 28 U.S.C § 2241 et seq. THIS COURT MAY GRANT RELIEF PURSUANT TO THE DECLARATORY JUDGEMENT ACT OF 28 U.S.C § 2201 et seq AND 28 U.S. § § 2241.

[3] EXTENSION OF HABEAS REMEDIES IN IMMIGRATION CASES ARE PROTECTED BY THE SUSPENSION CLAUSE. RELIEF IS AFFORDED THROUGH STATUTORY REMEDY OF HABEAS CORPUS U.S.C.A. CONST ART 1, § 9. CL. 2; — IMMIGRATION AND NATIONALITY ACT 242(g), 8 U.S.C — § 2241.

## II FACTUAL AND PROCEDURAL HISTORY

[4] THE PETITIONER WAS ADMITTED TO THE UNITED STATES AS A "L.P.R" ON OR ABOUT JUNE 1982. HE IS MARRIED TO MRS KAREN, RENE KESSINGTON (AN EXECUTIVE-ADMINISTRATOR) SHE'S A UNITED STATES CITIZEN AND THEY ARE BLESSED WITH TWO WONDERFUL CHILDREN SABRINA A 10 YEARS OLD AND MODUPE A 4 YEARS OLD (GIRLS) AND THEY ATTEND PRIVATE SCHOOL AT LYNWOOD, LOS ANGELES - COUNTY, CALIFORNIA.

THEY ALL LIVE AT 750. EAST. 136TH STREET, LA — CA. 90059 FOR ABOUT 15 YEARS.

WHERE THEY FILE AND PAY UNITED STATES INCOME TAXES. PETITIONER WAS ALSO EMPLOYED AS AN ENGINEER AT T.R.W. AUTOMOTIVE DEPARTMENT, PRIOR TO HIS ARRET.

[5] ON OR ABOUT FEB, 10, 1997, THE PETITIONER WAS ARRAINGED BEFORE THE IMMIGRATION JUDGE CHARGED WITH DEPORTABILITY FOR A — CRIME OF MORAL - TURPITUDE AT IMMIGRATION

6 ON OR ABOUT NOV. 23RD 1997. PETITIONER'S CRIMINAL SUPERVISION RELEASE WAS VIOLATED ON — TECHNICAL GROUNDS AND PLACED IN DETENTION IN LOS-ANGELES (M.D.C) FOR ABOUT THREE-MONTHS AND WAS LATER TRANSFERED TO F.C.I OKLAHOMA AND THEN TO F.C.I OAKDALE.

PETITIONER ALLEGES THAT HE WAS PREJUDICED BY BEING TRANSFERED FROM LOS-ANGELES AWAY FROM HIS WIFE, CHILDREN, LAWYER, FRIENDS, FAMILY AND PROFESSIONAL WITNESSES AND PRESENTLY DETAINED AT AVOYELLES PARISH JAIL IN MARKSVILLE, LOUISIANA.

CONTRARY TO THE DECLARATION OF BRET. A. — BRADFORD. THERE WAS ALOT OF BED SPACE IN METRO DETENTION CENTRE (LOS-ANGELES) INSTEAD OF BEEN DETAINED AT AVOYELLES PARISH JAIL — SUB-CONTRACTED BY SHERIFF BILL BELT OF — MARKSVILLE, LOUISIANA.

WHO HOUSES BOTH FEDERAL, I.N.S, STATE AND PARISH INMATES ARE HOUSED TOGETHER ENDANGERING THE SAFETY AND WELFARE OF PETITIONER — HELD ON CIVIL CASE BEING HOUSED TOGETHER WITH CRIMINALS SERVING LONG-TERM SENTENCES. (IE 25-50 YEARS).

[7] III ARGUMENT

[A] THIS COURT HAS PERSONAL JURISDICTION OVER PETITIONER'S CUSTODIANS.

IN A HABEAS PROCEEDINGS, THE COURT HAS PERSONAL JURISDICTION "SO LONG AS THE CUSTODIAN CAN BE REACHED BY SERVICE OF PROCESS." BRADEN V. 30TH JUDICIAL CIRCUIT COURT OF KENTUCKY, 410 U.S. 484, 495, 93 S. Ct. 1123, 1130, 35 L. Ed. 2d 443 (1973)(DISTRICT COURT IN KENTUCKY HAD PERSONAL JURISDICTION OVER FILED BY ALABAMA INMATE); SEE ALSO U.S. ex rel. SERO PREISER, 506 F. 2d 1115, 1128 (2d Cir 1974), CERT DENIED, 421 U.S. 921, 95 S Ct. 1587, 43 L. Ed 2d 789 (1975)(JURISDICTIONAL GRANT IN SECTION 2241(a) CO-EXTENSIVE WITH SCOPE OF SERVICE OF PROCESS; YESIL V. RENO, 958 F. SUPP. at 835-36 (S.D. N.Y. 1997).(HABEAS ACTION PROPER IN S.D. N.Y. ALTHOUGH PETITIONER WAS RELEASED ON BOND BY LOUISIANA "I.N.S." DISTRICT DIRECTOR)

[8] THE GOVERNMENT'S CONTENTIONS AS TO THE PROPER CUSTODIAN TO BE RESPONDENT SHERIFF BILL BELT, AND RESPONDENT DISTRICT DIRECTOR LYNNE M. UNDERDOWN AND OUT OF THE COURT'S REACH ARE INCORRECT. HERE, THERE ARE SEVERAL CUSTODIANS, INCLUDING THE LOUISIANA DISTRICT DIRECTOR OF THE "I.N.S." THE ATTORNEY GENERAL, AND THE LOS-ANGELES DISTRICT DIRECTOR OF THE "I.N.S." THE HABEAS STATUE DOES NOT "SPECIFY WHO THE PERSON HAVING CUSTODY WILL BE," NOR DOES IT STATE THAT THERE MAY BE ONLY ONE CUSTODIAN. NWANKO V. RENO, 828 F. SUPP. 171, 174 (E.D. N.Y. 1993)(CITATIONS AND INTERNAL QUOTATION MARKS OMITTED). "NOWHERE DOES THE STATUE

SPEAK OF AN IMMEDIATE CUSTODIAN..... Id. ALL THESE CUSTODIANS CAN BE REACHED BY SERVICE OF PROCESS.

9 FURTHER, GOVERNMENT SUGGESTION THAT THIS HABEAS PETITION MUST BE ADDRESSED TO THE DISTRICT COURT WHERE PETITIONER IS CONFINED (CITING UNITED STATES V. GIDDINGS, 740 F.2d 770, 772 (9TH Cir 1984) DO NOT APPLY TO THIS CASE BECAUSE PETITIONER IS A FEDERAL DETAINEE HELD FOR THE I.N.S BY SHERIFF BILL BELT.

PETITIONER IS NOT SERVING A PARISH NOR STATE PRISON TIME IN THE STATE OF LOUISIANA. SEE. OJO V. "INS" 106 F.3d 680 681 (5TH Cir. 1997).

PETITIONER IS A DETAINEE AND NOT INCARCERATED BY THE STATE OF LOUISIANA OR AVOYELLES PARISH IN — WESTERN DISTRICT OF LOUISIANA.

PETITIONER IS NOT SUBJECT TO AN ADMINISTRATIVELY FINAL WARRANT OF DEPORTATION AS STATED BY THE GOVERNMENT RETURN TO PETITION ON PAGE 4 LINES 1–9. RATHER, PETITIONER IS A DETAINEE GRANTED A STAY OF DEPORTATION BY UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT. (SEE EXHIBIT 2). AND HE IS STILL AWAITING THE FINAL DISPOSITION OF HIS CASE. HENCE THIS WRIT MUST ISSUE. SEE. ALSO PAGE 7 OF BRET A. BRADFORD DECLARATION

10 B THIS COURT HAS JURISDICTION OVER THE ATTORNEY GENERAL AND THE LOS-ANGELES DISTRICT DIRECTOR AS THEY ARE PETITIONER'S CUSTODIANS.

FIRST, THE DISTRICT DIRECTOR FOR TH NEW-ORLEANS DISTRICT OFFICE OF THE I.N.S, LYNNE M. UNDERDOWN IS A CUSTODIAN OVER PETITIONER KESSINGTON, AS THE GOVERNMENT — CONCEDES (SEE PAGE 3 LINE 9–11 OF GOVERNMENT RETURN TO PETITION). BECAUSE LYNNE M. UNDERDOWN CAN BE REACHED BY SERVICE OF PROCESS, THIS COURT HAS PERSONAL — JURISDICTION. RULE 4(e)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE ALLOWS SERVICE OF PROCESS UNDER THE RULES OF THE STATE OF CALIFORNIA.

11 UNDER THE CALIFORNIA STATE LAW, PROCESS MAY BE SERVED ON A NON-DOMICILIARY WHO "TRANSACTS ANY BUSINESS WITHIN THE STATE" EVEN IF THE RESPONDENTS NEVER ENTERS CALIFORNIA, SO LONG AS THE RESPONDENT'S ACTIVITIES HERE WERE PURPOSEFUL AND THE TRANSACTION RELATED TO THE CLAIM ASSERTED. WHEN THEY SEND SURRENDER NOTICES TO ALIENS IN THE STATE TO SURRENDER FOR DEPORTATION.

12 PETITIONER KESSINGTON'S ONLY CONNECTION TO OAK-DALE, LOUISIANA HAS BEEN HIS DETENTION THERE BY THE I.N.S AND LYNNE UNDERDOWN. AFTER PETITIONER'S, INTIAL DETENTION IN OAKDALE, LOUISIANA, HE WAS RELEASED ON BOND, WHEN HIS BOND WAS POSTED — LYNNE UNDERDOWN KNEW PETITIONER KESSINGTON WAS COMING BACK TO HIS HOME IN LOS-ANGELES CALIFORNIA. BY ALLOWING PETITIONER TO RETURN TO LOS-ANGELES, BUT CONTINUING TO CLAIM THE POWER TO CONTROL PETITIONER'S ACTIONS, TO SEEK HIS SURRENDER, AND TO DEPORT HIM, RESPONDENT UNDERDOWN HAS "TRANSACT[ED]. . . BUSINESS

RESPONDENT UNDERDOWN IS THUS AMENABLE TO SERVICE UNDER CPLR 302(a)(1) AND THIS COURT HAS PERSONAL-JURISDICTION OVER HER.

13 THE ATTORNEY GENERAL OF THE UNITED STATES IS ALSO A CUSTODIAN FOR HABEAS PURPOSES AND CAN BE REACHED BY SERVICE UNDER CALIFORNIA LAW.

THE ATTORNEY GENERAL IS AN APPROPRIATE CUSTODIAN BECAUSE SHE COULD "DIRECT HER SUBORDINATES TO CARRY OUT ANY ORDER DIRECTED TO HER. TO CARRY OUT ANY ORDER TO PRODUCE OR RELEASE THE PETITIONER.

SHERIFF BILL BELT IS NOT A DELEGATE OR AGENT OF THE I.N.S, WHEREAS A DISTRICT DIRECTOR OF THE INS-ACTS ONLY PURSUANT TO POWERS DELEGATED BY THE ATTORNEY-GENERAL.

14 THE ATTORNEY GENERAL IS HERE AN APPROPRIATE RESPONDENT. "BECAUSE THE ATTORNEY GENERAL IN HER OFFICIAL CAPACITY CLEARLY TRANSACTS BUSINESS IN LOS-ANGELES." SHE CAN BE REACHED BY SERVICE OF PROCESS. (SERVICE REACHES NON DOMICILIARY WHO REGULARLY TRANSACTS BUSINESS IN CALIFORNIA STATE, EVEN IF THE CAUSE OF ACTION HAS NO CONNECTION TO THE STATE). SEE; WELINSKY V. RESORT OF THE WORLD, 839 F.2d 928 (2d Cir. 1988); CF. STRAIT V. LAIRD, 406 U.S. 341, 346, 92 S. Ct. 1693, 1696, 32 L. Ed. 2d 141 (1972) (CALIFORNIA COURT HAS HABEAS JURISDICTION OVER PETITION FILED BY AN ARMY RESERVIST RESIDING IN CALIFORNIA ALTHOUGH RESERVIST CUSTODIAN-COMMANDING OFFICER WAS LOCATED IN INDIANA; COMMANDING

THE CHAIN OF COMMAND WERE! ENOUGH TO GIVE THE OFFICER "PRESENCE WITHIN CALIFORNIA FOR HABEAS — PURPOSES).

15 PETITIONER SATISFIES THE "IN CUSTODY" REQUIREMENT OF SECTION 2241 OF TITLE 28 FOR HABEAS PURPOSES. THE LAWS OF THE STATE OF CALIFORNIA ALLOW FOR SERVICE OF PROCESS OVER ALL PETITIONER KESSINGTON'S CUSTODIANS, INCLUDING LYNNE UNDERDOWN. KESSINGTON IS A LONG STANDING RESIDENTS OF LOS ANGELES WITH SUBSTANTIAL TIES TO THE STATE OF CALIFORNIA. AMONG OTHER THINGS, BOTH HIS FAMILY AND ATTORNEY FOR THE NINTH-CIRCUIT COURT OF APPEALS CASE RESIDE HERE IN LOS-ANGELES.

THE PERSONAL JURISDICTION REQUIREMENT IS SATISFIED. THE ATTORNEY GENERAL MAY NOT FRUSTRATE THE COURTS AND NEGATE THE GREAT WRIT BY MOVING PRISONERS AROUND THE COUNTRY.

16 IV CONCULSION

WHEREFORE, PETITIONER PRAYS THIS HONORABLE COURT TO CLAIM JURISDICTION AND ISSUE THIS WRIT OF HABEAS CORPUS IN PURSUANT TO SECTION 2241. FOR THE REASONS SET BELOW.

KESSINGTON WOULD BE SEVERELY DISADVANTAGED BY HAVING TO BRING A HABEAS PROCEEDING IN LOUISIANA — SINCE HIS ATTORNEY IS LOCATED IN LOS-ANGELES CALIFORNIA AND HAVE EXPENDED EXTENSIVE EFFORTS ON THIS MATTER IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT. THE CHOICE OF FORUM COULD SIGNIFICANTLY AFFECT KESSINGTON'S RIGHTS —

BECAUSE THE LAW VARIES FROM CIRCUIT TO CIRCUIT, AND AS A RESIDENT OF NINTH-CIRCUIT LAW..Id. THERE IS ALSO A POSSIBILITY OF A BACK-LOG HABEAS PETITIONS IN LOUISIANA WHICH COULD RESULT IF KESSINGTON RIGHT TO ~~HABEAS~~ REVIEW BEING SIGNIFICANTLY DELAYED WHILE HE REMAINED IN DETENTION IN LOUISIANA, WITHOUT REALISTIC ACCESS TO HIS ATTORNEY OR FAMILY.

[17] IN CONTRAST THE GOVERNMENT AND RESPONDENT MS LYNNE M. UNDERDOWN ARE NOT PREJUDICED IF THEY ARE REQUIRED TO LITIGATE IN THIS COURT. BECAUSE THERE IS SUBJECT MATTER JURISDICTION PURSUANT TO SECTION 2241 OF TITLE 28, PERSONAL JURISDICTION OVER THE CUSTODIANS, AND THE SOUTHERN DISTRICT OF CALIFORNIA IS THE PROPER VENUE, THE COURT HAS THE POWER TO ADDRESS PETITIONER'S CLAIMS.

[18] PETITIONER HEREBY REQUESTS THIS COURT TO ISSUE AN ORDER OF RELEASE FOR THE PETITIONER FROM CUSTODY OF "I.N.S TO BE REUNITED WITH HIS FAMILY WHO ARE UNITED STATES CITIZENS (WIFE, KAREN KESSINGTON AND DAUGHTERS, SABRINA AND MODUPE).

AND/OR AN ORDER BE ISSUED FOR THE RESPONDENTS IN THIS CASE TO RE-ENSTATE THE PETITIONER'S BOND.

AND/OR AN ORDER BE ISSUED WHEREFORE DIRECTING THE RESPONDENTS TO SHOW CAUSE WHY THIS WRIT SHOULD NOT BE GRANTED IN FAVOUR OF THE PETITIONER.

IT SHOULD ALSO BE SHOWN WHY THE PETITIONER CANNOT BE RELEASED ON HIS OWN RECOGNIZANCE PENDING

IN CONCLUSION, ANY FURTHER RELIEF SHOULD BE GRANTED, THAT THIS HONORABLE COURT MAY DEEM FIT AND PROPER TO THE KESSINGTON SITUATION.

RESPECTFULLY SUBMITTED

03/24/99
DATE

[signature]

SAMUEL A. KESSINGTON
A24905140/26295
102, GOVERNMENT STREET.
MARKSVILLE. LOUISIANA.
71351.

# CERTIFICATE OF SERVICE

PURSUANT TO 28 U.S.C.A § 1746 AND 18 U.S.C.A. 1621. I DECLARE UNDER THE PENALTY OF PERJURY THAT EVERY STATEMENT THAT IS MENTIONED HERE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND — UNDERSTANDING.

I SAMUEL. ADEKUNLE. KESSINGTON DO HEREBY CERTIFY THAT I SERVED COPIES OF THIS ANSWER TO RESPONDENTS RETURN TO PETITION FOR WRIT OF HABEAS - CORPUS. MAILED VIA THE — UNITED - STATES POSTAL SERVICE CERTIFIED MAIL TO:-

1. CLERK OF COURT
   UNITED STATES DISTRICT COURT
   CENTRAL DISTRICT OF CALIFORNIA
   WESTERN DIVISION
   312 NORTH SPRING ST. ROOM G-8
   LOS - ANGELES. CA. 90012

CONTINUE - NEXT - PAGE

[2] ATTORNEYS FOR FEDERAL RESPONDENTS.

ALEJANDRO N. MAYORKAS.
UNITED STATES ATTORNEY
LEON W. WEIDMAN.
ASST. UNITED STATES ATTORNEY
KURT RAMLO.
ASST. UNITED STATES ATTORNEY
CALIFORNIA BAR NUMBER 166856
ROOM 7516, FEDERAL BUILDING
300. NORTH LOS-ANGELES STREET.
LOS-ANGELES, CALIFORNIA 90012.

[3] SHERIFF. BILL BELT.
675, GOVERNMENT STREET
MARKSVILLE. LOUISIANA.
71351.

RESPECTFULLY SUBMITTED

03/24/99
DATE

[signature]
A24905140/26295
102, GOVERNMENT STREET.
MARKSVILLE. LOUISIANA.
71351.

EXHIBIT G – NOTICE OF HEARING IN DEPORTATION PROCEEDINGS IN LOS ANGELES COURT

See ... 9:00

NOTICE OF HEARING IN DEPORTATION PROCEEDINGS
Immigration Court
300 N LOS ANGELES ST RM 2001
LOS ANGELES, CA 90012

RE: *F-KESINGTON, ADEKUNLE SAMUEL
FILE: A24-905-140 DATE: Feb 10, 1997

TO: BARRY S. FAGAN, ESQ
LAW OFFICES OF BARRY S. FAGAN
P.O. BOX 91
LOS ANGELES, CA 90053-0091

Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before an Immigration Judge on 5-1-97 at 8:30 a.m. at

[ x ] 300 N. Los Angeles St.
Room 2001
Los Angeles, CA 90012

[ ] Roybal Federal Building
255 E. Temple St.
Room 595
Los Angeles, CA 90012

IJ Reichenberg

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is accredited to represent persons before an Immigration Judge. Your hearing date has not been scheduled earlier than 14 days from the date of service of the Order to Show Cause, in order to permit you the opportunity to obtain an attorney or representative. You can request an earlier hearing in writing. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:

1. You may be taken into custody by the Immigration and Naturalization Service and held for further action.

2. Your hearing may be held in your absence under section 242(b) and section 242B of the Immigration and Nationality Act. An order of deportation will be entered against you if the Immigration and Naturalization Service establishes by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are deportable.

IF YOUR ADDRESS IS NOT LISTED ON THE ORDER TO SHOW CAUSE, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE OFFICE OF THE IMMIGRATION JUDGE LOS ANGELES, CA, WRITTEN NOTICE OF YOUR ADDRESS AND PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. IF YOU CHANGE YOUR ADDRESS, YOU MUST PROVIDE TO THE IMMIGRATION COURT WRITTEN NOTICE WITHIN FIVE DAYS OF ANY CHANGE OF ADDRESS, ON FORM EOIR 33. WRITTEN NOTICE TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED WILL BE CONSIDERED SUFFICENT NOTICE TO YOU, AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of pro bono attorneys and representatives has been provided to you by the Immigration and Naturalization Service. For information regarding the status of your case, call toll free 1-800-898-7180.

YMV

(EXHIBIT G) (EXHIBIT-F)

[illegible]

( ) 1. You have been scheduled for a deportation hearing at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years after the date of entry of the final order of deportation.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of five (5) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 244(e) ( ) of the Immigration and Nationality Act. Remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years from the date of scheduled departure or the date of unlawful reentry, respectively.

( ) 4. A final order of deportation has been entered against you. If you fail to appear for deportation at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for five (5) years after the date you are scheduled to appear.

** The term "Exceptional circumstances" refers to exceptional circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM DEPORTATION FOR WHICH YOU WILL BECOME INELIGIBLE ARE:

1) Voluntary departure as provided for in section 242(b) of the Immigration and Nationality Act;
2) Suspension of deportation or voluntary departure as provided for in section 244(e) of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English and in Spanish. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.

Date: Feb 10, 1997

Immigration Judge: [signature]
or
Clerk of the Court: ______ WZ

(EX-G) (EXHIBIT G)